UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| GERALD D. BUSH, | ) |
| Plaintiff, | ) Case No. 1:01-cv-672 |
| v. | ) Honorable Robert Holmes Bell |
| ZEELAND BOARD OF EDUCATION, et al, | ) |
| | ) **MEMORANDUM OPINION** |
| Defendants. | ) |

This was an action brought *pro se* by a former employee of the Zeeland Public Schools. Plaintiff last worked for the Zeeland Public School District in 1993. During the decade which followed, plaintiff initiated numerous unsuccessful lawsuits against the school district and affiliated individuals. Plaintiff filed his complaint in this case on October 18, 2001.

On March 6, 2003, the Court entered judgment in favor of defendants, granted a motion for imposition of Rule 11 sanctions against plaintiff, and issued a permanent injunction requiring plaintiff to satisfy certain preconditions before filing any new lawsuits against the Zeeland Public School Board, the Zeeland Public Schools, its agents or employees. (docket # 49). The reasons for the Court's decisions are set forth at length in a thirty-seven page opinion. (docket # 48). Rule 11 sanctions imposed by the Court in two prior lawsuits and a permanent injunction by Judge Enslen failed to deter plaintiff from bringing this lawsuit asserting barred and frivolous claims, in bad faith, for purposes of harassment, and in clear violation of Rule 11. (Op. at 30-37, docket # 48). The Court granted defendants fourteen days from the date of judgment within which to submit affidavits

and other documentation establishing reasonable attorney's fees and costs incurred in defending this lawsuit. Defendants timely submitted documentation supporting their request for an award of attorney's fees in the amount of $16,110.00. (docket # 54). Plaintiff filed his response (docket #'s 57, 58), defendants filed a reply brief (docket # 60), and the matter is now ready for decision.

## Discussion

The Court's rationale for awarding defendants their reasonable attorney's fees incurred in defending this lawsuit pursuant to Rule 11 is found within the Court's March 6, 2003 opinion. (docket # 48, Op. at 30-37). That analysis need not be repeated in this opinion, but is incorporated herein by reference.

Defendants' application for attorney's fees is supported by the affidavit of Jon G. March, billing invoices for services rendered, and documentation regarding the training and experience of the attorneys representing defendants in this lawsuit. Attorney March is a member of the Miller, Johnson, Snell & Cummiskey, P.L.C., law firm. March's law firm represented defendants Zeeland Public Schools Board of Education, Gary Feenstra, Tom Bock, and Donald Lake in this lawsuit. (March Aff. ¶ 1, 4). March's affidavit establishes that defendants have excluded from the amount sought, "time spent in seeking Rule 11 sanctions"[1] and "reimbursement of expenses or legal assistant time." (*Id.* ¶¶ 3, 7, 8, 10, 12). Defendants further reduced the amount sought by "34 hours

---

[1] The Court's decision imposing Rule 11 sanctions was intended to include defendants' reasonable attorney's fees incurred in connection with the Rule 11 motion. *See* FED. R. CIV. P. 11(c)(1)(A). The Court's judgment should have been more explicit. However, no amendment of the judgment is necessary. For the reasons set forth herein, the Court has found it necessary to reduce the award below the conservative amount of $16,110.00 in attorney's fees sought by defendants.

to take into account duplication and inefficiencies resulting from being required to review the substantial history of prior legal proceedings between the parties" and time incurred researching issues not raised in defendants' motion for summary judgment. (*Id.*, ¶¶ 6, 14). Defendants seek to recover an hourly rate of $200 for attorney March and $160 for attorney Dwight K. Hamilton. Attorney Hamilton has been a member of the Michigan Bar since 1996 and the $160 per hour rate is his standard hourly rate. Attorney March has been a member of the Michigan Bar since 1972 and his standard hourly rate is $295 per hour. The $200 per hour rate defendants seek to recover sought is a special reduced rate provided to the Zeeland Public Schools as a public school district client. (*Id.*, ¶ 15). The Court has scrutinized counsels' time records to assure that they reflect time reasonably expended in defending this action. *See Bodenhamer Building Corp. Architectural Research Corp.*, 989 F.2d 213, 221 (6th Cir. 1993). The Court has also compared counsels' claimed hourly rates to those rates prevailing in this community for like services, on the basis of the Court's frequent involvement in fee litigation. The Court finds that the hourly rates and the number of hours expended are both reasonable.

Plaintiff's response to defendants' documentation is a diatribe against defendants, their attorneys, and the courts. (See Objections to Attorney Fee Sanctions by Plaintiff, ¶¶ 1-5, 9-11, docket # 57). Plaintiff's only viable argument is his claim of financial inability to pay defendants' attorney's fees. (*Id.*, ¶ 12). Paragraph 27 of plaintiff's affidavit states as follows:

> Mrs. Bush use [sic] to be a stay at home mom, when Mr. Bush was teaching. Now she is virtually the sole support of the Bush family and made less than $13,000 gross in 2002. Obviously that is poverty level income for a family of 3. The Bushs [sic] rental properties are unrented and underrented because of the terrible demands on Mr. Bushs [sic] time having to deal with litigation that is totally unjust. Mr. Bush has been deterred from dealing with almost every area of life due to wasted attempts at seeking justice. (See Ex. 2 Bush v Zeeland Public Schools, 2-2-99, Transcript,

> p 1-56)[.] Mr. Bush attempts to keep some of their 15 year old vehicles running for transportation purposes. [sic] And to keep up with harassment litigation from the vile City of Zeeland and the equally vile Zeeland Public Schools.

(docket # 58, ¶ 27). A party's ability to pay attorney's fees is an appropriate factor to consider under Rule 11. It is part of the Court's determination that the sanction imposed is limited to what is sufficient to deter repetition of such conduct. *See* FED. R. CIV. P. 11(c)(2); *see also Baker v. Alderman*, 158 F.3d 516, 528 (6th Cir. 1998) ("deterrence remains the touchstone of the Rule 11 inquiry"). Here, Judge Enslen's prior order imposing Rule 11 sanctions and a permanent injunction and Judge McKeague's order imposing monetary sanctions pursuant to Rule 11 failed to deter plaintiff from initiating the present lawsuit and continuing it. Plaintiff is no stranger to this Court or Rule 11 sanctions. Plaintiff could have avoided Rule 11 sanctions altogether by withdrawing this lawsuit under the safe harbor provisions of Rule 11. Having elected to initiate and continue this lawsuit, plaintiff certainly cannot be heard to complain about the demands the lawsuit imposes on his time. Plaintiff should recognize that his lawsuit imposed similar, if not greater burdens upon the defendants.

      Plaintiff elected to exclude from his affidavit any accounting of the income provided by his rental properties. Plaintiff did not identify these rental properties or their values. Plaintiff has not submitted any evidence concerning his bank accounts or other information establishing that he is indigent. The $16,110, in attorney's fees sought by defendants is more than adequately justified. Nonetheless, the Court, in its discretion, will reduce the award of attorney's fees by fifty-percent, to a total of $8,055. By making this reduction, the Court, despite plaintiff's lack of evidence, has given plaintiff more than the benefit of a doubt concerning his claim of inability to pay all the defendants' attorney's fees. The Court finds that the $8,055 in attorney's fees, combined with the

Court's permanent injunction, is the least severe sanction likely to deter repetition of plaintiff's offending conduct. FED. R. CIV. P. 11(c)(2).


Date:   April 18, 2003                             /s/   Robert Holmes Bell
                                                  ROBERT HOLMES BELL
                                                  CHIEF UNITED STATES DISTRICT JUDGE